## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 06-20373-CR-LENARD/TORRES

UNITED STATES OF AMERICA

v.

NARSEAL BATISTE, et al.,

        Defendants.
_____/

### GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM OFFERING ANY PORTION OF A DEFENDANT'S POST-ARREST STATEMENT AT TRIAL

The United States, by and through the undersigned United States Attorney, hereby moves this Court to preclude defendants from offering any portion of a defendant's post-arrest statement at trial, and in support states the following:

Several of the defendants gave statements orally or in writing, or both, following their arrests in connection with the indictment in this case, to other law enforcement officers, or to other individuals. Narseal Batiste, Patrick Abraham, Burson Augustin, Rotschild Augustine, Naudimar Herrera, and Lyglenson Lemorin each gave an oral, post-*Miranda* statement following their arrest in this case. Rotschild Augustine and Lyglenson Lemorin also made written post-arrest statements. Patrick Abraham gave both an oral and written statement to ICE agents following an earlier arrest on immigration charges. Burson Augustin made a spontaneous post-arrest statement which was custodial but not in response to questioning as he was being brought into the Federal Detention Center. Patrick Abraham witnessed a shooting at the defendants' headquarters on April 19, 2006, and gave a statement to an ATF agent regarding that incident. Finally, a written statement regarding this case was provided by Narseal Batiste to a member of the news media while Batiste was in detention awaiting trial in this case.

While all or part of each of these statements may be admissible against the defendants at trial if offered by the government, no part of any of the statements may be offered by the defendants, either during cross-examination during the government's case or in the presentation of the defense case, if any, unless the statement is that of a defendant who offers the statement and testifies and subjects himself to cross-examination. *United States v. Willis*, 759 F.2d 1486, 1501 (11th Cir. 1985). Pursuant to Rule 802 of the Federal Rules of Evidence and *Willis*, this Court should prohibit each defendant from attempting to admit any portion of his own statements without subjecting himself to cross-examination. In *Willis*, the Eleventh Circuit held that a defendant may not offer his own exculpatory, post-arrest statement without violating the hearsay rule, unless he submits to cross-examination. 759 F.2d at 1501 ("[T]he defense sought to place [the defendant's] remarks before the jury without subjecting [him] to cross-examination. This is precisely what is forbidden by the hearsay rule."); *see also United States v. Cunningham*, 194 F.3d 1186, 1199 (11th Cir. 1999) (stating that a defendant cannot introduce an exculpatory statement unless he submits to cross-examination) (citing *Willis*); *United States v. Scrima*, 819 F.2d 996, 1001 (11th Cir. 1987) (holding that a defendant may not offer his own remarks to the jury "without subjecting them to the scrutiny of cross-examination") (citing *Willis*); *United States v. Soghanalian*, 777 F. Supp. 17, 19 (S.D. Fla. 1991) ("The Eleventh Circuit has approved the exclusion of a defendant's exculpatory statement made at the time of arrest.") (citing *Willis*). Furthermore, if a government agent testifies about any inculpatory portion of a defendant's post-arrest statement, the government is not required to admit and the defense may not cross-examine the agent regarding any exculpatory portions of the statement. *See United States v. Ramirez-Perez*, 166 F.3d 1106, 1112-14 (finding that Rule 106, governing the "doctrine of completeness," does not apply to an agent's oral testimony concerning a defendant's post-arrest statement).

## **CONCLUSION**

WHEREFORE, the United States respectfully requests that this Court grant this motion and enter the proposed Order submitted herewith.

                                    Respectfully submitted,

                                    R. ALEXANDER ACOSTA
                                    UNITED STATES ATTORNEY

By:    S/ Jacqueline Arango_____
           Jacqueline M. Arango
           Assistant United States Attorney
           Florida Bar Number 664162
           99 Northeast 4th Street
           Miami, Florida 33132-2111
           (305) 961-9292
           (305) 536-7213 (fax)
           E-Mail: jacqueline.arango@usdoj.gov

By:    S/ Richard Getchell_____
           Richard E. Getchell
           Assistant United States Attorney
           Florida Bar Number 817643
           99 Northeast 4th Street
           Miami, Florida 33132-2111
           (305) 961-9281
           (305) 536-4675 (fax)
           E-mail: richard.getchell@usdoj.gov

By:    S/ Allyson Fritz_____
           Allyson Fritz
           Assistant United States Attorney
           Fla. Ct. No: A5500092
           99 Northeast 4th Street
           Miami, Florida 33132-2111
           (305) 961-9287
           (305) 536-4675 (fax)
           E-mail: allyson.fritz@usdoj.gov

**CERTIFICATION OF SERVICE**

**I HEREBY CERTIFY** that on September 17, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

    /s/ Richard E. Getchell
RICHARD E. GETCHELL
ASSISTANT UNITED STATES ATTORNEY